# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SANDRA W. JANSKY, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:08-cv-2838-RWS
SUNTRUST BANKS, INC., :
:
    Defendant. :

## **ORDER**

This case comes before the Court on Plaintiff's Notice of Submission and Request for Indemnification. [31] After a review of the record, the Court enters the following Order.

## **Background**[1]

Plaintiff Sandra W. Jansky was discharged from her position as the Chief Credit Officer at SunTrust Banks, Inc. ("Defendant" or "SunTrust") in 2004. Following her discharge, SunTrust engaged in an investigation of a committee chaired by Plaintiff known as the ALLL Committee. Approximately one year later, Plaintiff initiated a libel and slander suit against SunTrust in the Superior

---

[1]The Court makes no findings with regard to the facts stated herein, which are drawn primarily from Plaintiff's Notice [31] and Defendant's Responses [30 and 36].

Court of Fulton County in connection with public statements made regarding the investigation. In response to the legal action, SunTrust filed a counterclaim seeking approximately $9 million for costs associated with the restatement of earnings in 2004 and the investigations ("Counterclaim").

Plaintiff employed the law firm of Pope McGlamry to pursue the defamation claim and entered into a contingency fee arrangement with lead counsel William U. Norwood. (See Exhibit D to Plaintiff's Notice [31], *Letter to Sandra Jansky from William Norwood dated October 25, 2005 confirming employment* stating, "in the event we are unsuccessful and recover nothing, you owe no fee, but you are responsible for the expenses. However, we can decide whether or not to seek reimbursement.") Pope McGlamry also undertook the defense of the Counterclaim. Jansky Dep. pp. 28-31. Following cross motions for summary judgment, the Fulton County Superior Court granted all parties' motions and dismissed all the pending claims with prejudice.

Plaintiff now seeks to recover from SunTrust approximately $239,000 of attorney's fees and expenses associated with the defense against the Counterclaim in Fulton County. Plaintiff argues that SunTrust's By-Laws and O.C.G.A. § 14-2-854(a)(1) require indemnification for Plaintiff's legal fees and

2

costs where it has been determined that she was wholly successful on the merits in the defense of a proceeding to which she was a party because she was an officer of SunTrust. *See* By- Laws, Art. VII, Sec. 4, Ex. C. STI's By-Laws state in pertinent part:

> [R]egardless of the result or absence of any such determination, to the extent that a Director or Officer has been wholly successful, on the merits or otherwise, in the defense of any proceeding to which he or she was a party because he or she is or was a Director or Officer, the Bank shall indemnify such person against reasonable expenses incurred by him or her in connection therewith.

Ex. C, (STI By-Laws, Article VII, Sec. 4(A)).

Further, Georgia law provides for mandatory indemnification of a corporate officer to the same extent to which a corporate director would be entitled. O.C.G.A. § 14-2-857(c). Georgia law makes the following provisions for directors:

> A corporation shall indemnify a director who was wholly successful, on the merits or otherwise, in the defense of any proceeding to which he or she was a party because he or she was a director of the corporation against any reasonable expenses incurred by the director in connection with the proceeding.

O.C.G.A. § 14-2-852.

3

> (a) A director who is a party to a proceeding because he or she is a director may apply for indemnification for expenses to the court conducting the proceeding or to another court of competent jurisdiction. After receipt of an application and after giving any notice it considers necessary, the court shall:
>
> > (1) Order indemnification or advance for expenses if it determines that the director is entitled to indemnification under this part;
> >
> > . . . .
>
> (b) If the court determines that the director is entitled to indemnification or advance for expenses under this part, it may also order the corporation to pay the director's reasonable expenses to obtain court-ordered indemnification or advance for expenses.

O.C.G.A § 14-2-854.

Defendant argues that Plaintiff never incurred any fees or obligation to pay in regard to the Counterclaim; therefore, SunTrust does not have a duty of indemnification.

## Discussion

There is no dispute that Ms. Jansky was wholly successful on the merits in defending the Counterclaim brought by SunTrust. Further, the parties agree that Pope McGlamry undertook the defamation claim on a contingent fee basis ("Contingency Fee Agreement"). Georgia law and SunTrust bylaws are clear that indemnification is required only when an appropriate party has incurred

4

expenses and fees. Thus, the question before the Court is whether Ms. Jansky "incurred" expenses and fees in the defense of the Counterclaim filed by SunTrust.

In reviewing the evidence before the Court, it is clear that Ms. Jansky and Pope McGlamry, represented by counsel William U. Norwood, did not enter into a separate contract or agreement regarding fees for the defense of the Counterclaim. Ms. Jansky stated in her deposition that she did not recall a specific agreement with respect to the Counterclaim. (Jansky Dep., 29.) Further, Mr. Norwood testified that after the Counterclaim was filed, "Sandra asked us if we could go and handle the defense as well, and we agreed to do so. We did talk at the time, and we orally agreed with Sandra to take it on and, if successful, to seek indemnification." (Norwood Dep., 29.)

Both Mr. Norwood and Ms. Jansky stated that there was an expectation of payment in the event that the claim for indemnification was unsuccessful. ("I think [Ms. Jansky] understood that she would owe us if there was not a indemnification." Norwood Dep., 30; "I expected to be billed for the fees." Jansky Dep., 30.) However, the parties did not discuss the terms of any payment including hourly fees, payment structure, or billing. (Norwood Dep.,

5

30, Jansky Dep., 30.) Presently, Pope McGlamry has not requested, demanded, or received payment from Ms. Jansky for the firm's defense of the SunTrust Counterclaim. (Norwood Dep., 33-35, Jansky Dep., 31.) In the absence of so many essential terms, the record does not establish that Ms. Jansky has a contractual obligation to pay fees with respect to the Counterclaim.

However, attorney's fees may be awarded under the equitable theory of quantum meruit. In order to recover under this theory, Pope McGlamry must show (1) performance of services valuable to Ms. Jansky; (2) either at the request of Ms. Jansky or knowingly accepted by her; (3) the receipt of which without compensation would be unjust; and (4) an expectation of compensation at the time of the rendition of the services. Nextel South Corp. v. R.A. Clark Consulting Ltd., 266 Ga. App. 85, 86 (2004). Undoubtedly, with Ms. Jansky's knowledge, Pope McGlamry provided her with a valuable service in the successful defense of the Counterclaim. Furthermore, the Court finds that Contingency Fee Agreement for the direct claim does not encompass the costs and expenses associated with the defense of the Counterclaim. While Pope McGlamry has not sought to collect payment for legal services rendered for the Counterclaim defense, both the firm and Ms. Jansky recognize the firm's right

6

to do seek payment and Plaintiff's obligation to pay the same. Accordingly, the Court finds that Pope McGlamry may recover under the doctrine of quantum meruit for its defense of the Counterclaim. Because Plaintiff is liable in quantum meruit, she has "incurred" the legal expenses for defending the Counterclaim. Therefore, Plaintiff is entitled to indemnification for the reasonable value of Pope McGlamry's services and expenses related to the defense of the Counterclaim.

## Conclusion

Based on the foregoing, the Court finds that Plaintiff has incurred liability to Pope McGlamry for the defense of the Counterclaim. Plaintiff's request for indemnification [31] is **GRANTED**.[2]

**SO ORDERED** this  18th  day of September, 2009.

*[signature]*

**RICHARD W. STORY**
United States District Judge

---

[2]The only issue presented to the Court is whether Plaintiff incurred expenses such that she is entitled to indemnification. The amount of indemnification is not addressed in this Order. The parties are encouraged to confer in an effort to agree on the reasonable fees and expenses. If they are unable to agree, Plaintiff may submit a statement of fees and expenses, and Defendant shall have five (5) days after the statement is filed to file objections thereto.

7